IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA ANN CHAMBERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARUN Enterprises, Inc., et al. )<br>)<br>)<br>Defendant. ) | No. 4 CV 7376<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sandra Ann Chambers ("Chambers") filed a nineteen-count complaint alleging various federal and state law claims against Arun Enterprises, Inc. and its officers ("Arun Parties"), the Law Offices of Kameli & Associates, P.C. and its officers ("Kameli Law Offices"), and the City of Chicago. Presently before this Court are the motions of the Arun Parties and Kameli Law Offices ("Movants") to dismiss this action under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Movants' motions are DENIED.

**I.     FACTUAL BACKGROUND[1]**

From December 2003 through September 2004, the Plaintiff rented space from Headrest Unisex in and around the 1 Quincy Court building at 220 South State Street. Difficulties began when the building's security officers, employees of Arun Enterprises Ltd. ("Arun") named Brian Leonard and Theodore Collie, became upset with Chambers's reluctance to support their efforts

---

[1] For the purposes of this motion, the following relevant facts alleged in Plaintiff's Complaint are taken as true.

-1-

to have a supervisor, Lateresa Chantler, removed. In retaliation, the two officers began to harrass the Plaintiff and limit her access to the building. When the Plaintiff approached Arun supervisors with this problem they were initially receptive, but when she mentioned that her only other recourse was to file a lawsuit they became confrontational. Additional parties in the building, such as Raynie Jackson, became motivated to help remove the perceived troublemaker. An offer to rent a different space in the building was rejected and the Plaintiff was physically prevented from recovering her belongings. At this point, her efforts to have police assist her were thwarted by Kameli Law Offices, which helped portray her as having been properly evicted from the premises. All named parties prevented, or were associated with those who prevented, Plaintiff from accessing the spaces in which she had previously worked, or from renting additional space of her own.

In November, 2005, Chambers filed the instant case under § 1331 subject matter jurisdiction. The Complaint as it now stands contains eleven counts,[2] all of which are brought against all defendants in their individual and official capacities, except for Theodore Collie and Phil Cline, against whom claims are brought only in their individual capacities. Due to the denial of a commercial lease, restriction of building access, and seizure of property without due process, by which Defendants retaliated against the Plaintiff, she now brings the following claims:

    Count 1:    Racial and Gender Discrimination under 42 U.S.C.A. § 1981

    Count 2:    Discriminatory Infringement on Property Rights under 42 U.S.C.A. § 1982

---

[2] All state law claims were struck as of January 18, 2006.

  Counts 3-7:    Denial of Constitutionally-protected Rights under 42 U.S.C.A. § 1983

  Counts 8-10:   Denial of Constitutionally-protected Rights under the 14th Amendment

  Count 11:    Conspiracy to Deny Civil Rights under 42 § U.S.C.A. 1985

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Movants assert that the Plaintiff fails to state a claim on which relief can be granted. They contend that there is no basis by which an intent to discriminate could be inferred from the alleged actions of the Defendants, and that there is no factual basis for state action or color of law by which § 1983 or 14th Amendment protections can be invoked. Plaintiff disagrees, stating that her complaint complies with the notice pleading standard and the liberal interpretation appropriate for a pro se plaintiff's complaint.

## II. STANDARDS

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Any ambiguities are construed in favor of the plaintiff. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of th[e] . . . complaint." *Coates v. Illinois State Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim, rather than plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. *Id.* (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). The Seventh Circuit has ruled that stating a claim in federal court requires only "a short statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id.*

Where a plaintiff is proceeding *pro se*, as Chambers is doing here, the Court has a heightened responsibility to construe the complaint liberally. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). A *pro se* plaintiff may plead himself out of court, however, by pleading facts that undermine his case. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

## III.  ANALYSIS

In their Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Kamelia Law Offices and the Arun Parties maintain that the Plaintiff's claims under Counts I and II, based on 42 U.S.C. §§ 1981-82, fail because the complaint lacks evidence of intentional discrimination. Similarly, Movants maintain that Count III, brought under 42 U.S.C. § 1983, should be dismissed because no asserted facts establish that the actions were done under color of law, a necessary element for that claim. They also seek to dismiss Counts IV through VII, on the

grounds that there is no allegation of state action.

Plaintiff correctly points out that her complaint includes allegations of the required elements. For example, Counts I through III allege that "knowing and intentional actions were carried out under color of law , were overt acts, were motivated by racial and gender animus," (Cpt.¶¶ 285, 296, 309), which is referenced in all remaining counts, while Counts III through VII additionally allege that defendants were guilty of "treating her differently than they would have treated a male...[a]cting under gender-based stereotypes of females" and "treating her differently than they would have treated a white person...[a]cting under race-based stereotypes of black people" (Cpt. ¶¶ 309, 321, 332, 343, 354). The fact that the use of identical language in multiple counts may indicate boilerplate language is not fatal to the claims.

Movants' motion to dismiss is based on the general lack of factual support for Chambers's conclusions regarding discimrinatory intent and the presence of state authority. While a lack of factual support may undermine Plaintiff's case at later stages, the standard for 12(b)(6) review states clearly that the plaintiff is not required to settle the facts or prove her claims, but must merely allege all elements of the crime so as to give defendants notice. *Higgs*, 286 F.3d at 439. Contrary to the Movants' claims, Plaintiff does allege in her complaint that actions were taken with an intent to discriminate, that this was based on racial and gender-based animus, and that it was done under color of law. Whether Plaintiff can prove these elements is an issue for another day, but as far as these motions are concerned she has stated a claim upon which relief can be granted.

Movants also contend that Counts VIII through X, arising under the 14th amendment, fail to state a claim due to Plaintiff's failure to allege that "state action" was involved. Again,

Plaintiff's allegations on this point are admittedly vague and conclusory, incorporating only a generic statement that actions were done "under color of law." However, these failings do not warrant dismissal. Whether or not there is adequate factual support to establish the involvement of state authority is a question of fact that need not to be addressed in a motion to dismiss, although Plaintiff should note that alleging facts and legal conclusions without a good faith basis could subject her to monetary sanctions. Kameli Law Offices and the Arun Parties also move to dismiss Count XI on the grounds that no meeting of the minds has been shown, but once again this misstates the task that now stands before the plaintiff; it is sufficient for the sake of these motions that the Complaint clearly alleges that such a meeting took place. Defendants' motions to dismiss Counts I through XI are therefore DENIED.

Defendants also move to dismiss Counts XII through XIX on various grounds, but this court has already stricken these state law claims. Defendants' motions with respect to these claims is therefore DENIED as moot.

## **CONCLUSION**

For the reasons stated herein, the Motions to Dismiss of Arun Enterprises, Ltd., et al., and the Law Offices of Kameli & Associates, P.C., are DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **September 19, 2005**